## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**MICHELLE THIELE,**

              **Plaintiff,**

    *v.*

**KATE SPADE, LLC and TAPESTRY, INC.,**

        **Defendants.**

**Case No. 1:20-cv-03086-SAG**

### DEFENDANT TAPESTRY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Tapestry, Inc. ("Defendant" or "Tapestry" or the "Company") hereby submits this answer to Plaintiff's Complaint (the "Complaint"). Defendant answers the Complaint solely on behalf of Tapestry and not on behalf of Kate Spade, LLC, which has been dismissed from this case by the Court's January 6, 2021 Memorandum Opinion and Order. Defendant denies and/or reserves the right to challenge any assertion in the Complaint not expressly admitted in this Answer. With respect to matters in this Answer that may constitute a legal defense, Defendant reserves the right to argue that Plaintiff bears the burden of proof as to some or all of those matters. Items in italics below, including headings, denote matter quoted from the complaint.

### *THE PARTIES*

1.    *Plaintiff Michele Thiele was an experienced and highly regarded manager at the Kate Spade retail store located at 700 Premium Outlets Boulevard 700A, Hagerstown, Maryland 21740. She lives in Pennsylvania.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 1 of the Complaint, except denies knowledge and information sufficient to form a belief as to Plaintiff's current residence, and admits that Plaintiff worked as a Store Leader at the kate spade new york brand ("Kate Spade") outlet store located at 700 Premium Outlets Boulevard 700A, Hagerstown, Maryland.

2.      *Kate Spade, LLC is company that was acquired by and is a part of the Tapestry, Inc. house of brands. Kate Spade sells products online and in retail stores, including at a retail store located in the Hagerstown Prime Outlets, located at 700 Premium Outlets Boulevard 700A, Hagerstown, Maryland 21740. Kate Spade has in excess of 5,000 employees and annual revenue over $500,000,000. Kate Spade is headquartered at 10 Hudson Yards, New York, New York 10001.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Tapestry is the parent company of Kate Spade, LLC, that Kate Spade is one of the brands owned and operated by Tapestry, and that Kate Spade product is sold online and in retail stores, including at a retail location located in the Hagerstown Prime Outlets, located at 700 Premium Outlets Boulevard 700A, Hagerstown, Maryland, 21740.

3.      *Tapestry, Inc. is a multi-national fashion holding company that owns Kate Spade and claims that it is devoted to an inclusive and diverse workplace. It has its global headquarters at 10 Hudson Yards, New York, New York 10001. Tapestry has over 12,000 employees and revenue in excess of $5.8 billion dollars annually.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 3 of the Complaint, except admits that Tapestry maintains its headquarters at 10 Hudson Yards, New York, New York 10001, and that it supports an inclusive and diverse workplace.

## JURISDICTION AND VENUE

4.    *This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).*

**Response**:    The allegations contained in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, however, Defendant admits that this Court has jurisdiction over the claims asserted in this case, but denies there is any basis for this action.

5.    *Venue in this Court is proper because the events alleged occurred in this district.*

**Response**:    The allegations contained in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in this Court, but specifically denies the occurrence of any unlawful act, event, discrimination, or retaliation.

## ADMINISTRATIVE EXHAUSTION

6.    *Ms. Thiele timely filed a charge with the United States Equal Employment Opportunity Commission (EEOC), with a cross-filing with the Maryland Commission on Civil Rights.*

**Response**:    Defendant denies each and every allegation contained Paragraph 6 of the Complaint, except admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and specifically denies that there is any basis for this action.

7.    *The EEOC issued a Right to Sue notice to Ms. Thiele on August 26, 2020.*

**Response**:    Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint.

*FACTUAL ALLEGATIONS*

8.      *Michelle Thiele was born in 1964. She is a mother and wife who lives in Pennsylvania and takes pride in her work and her family.*

**Response**:      Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9.      *Ms. Thiele carries the emotional scars of a severely abusive childhood, a childhood which included broken bones, loaded weapons, and fear. Sudden loud noises cause an emotional and visceral reaction for Ms. Thiele.*

**Response**:      Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint.

10.      *Ms. Thiele has been diagnosed with Post-Traumatic Stress Disorder (PTSD), anxiety and depression.*

**Response**:      Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff provided documentation to Tapestry, including a "Reasonable Accommodation Questionnaire" dated on or around April 9, 2018, representing that Plaintiff had been diagnosed with Post-Traumatic Stress Disorder, depressive disorder, and anxiety, and a "Reasonable Accommodation Follow-Up Questionnaire" on or around June 15, 2018, representing that Plaintiff had been diagnosed with Post-Traumatic Stress Disorder and anxiety.

11.      *For Ms. Thiele, loud noises mean bad things are coming and transport her back to a childhood where sudden loud noises meant a blow was sure to follow. Sudden, loud noises trigger her PTSD.*

**Response**:       Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

*12.     Ms. Thiele's PTSD, anxiety, and depression substantially limit her in the major life activities of thinking, breathing, sleeping, and working.*

**Response**:       Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint, except admits that the "Reasonable Accommodation Questionnaire," dated on or around April 9, 2018, states that Plaintiff's alleged impairments affect interacting with others, working, thinking, sleeping, and concentrating.

*13.     Despite her traumatic childhood, Ms. Thiele worked for more than two decades in retail earning accolades for her performance and leadership.*

**Response**:       Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

*14.     On June 15, 2015, she was hired to be an Assistant Store Manager at Kate Spade New York in Hagerstown, Maryland.*

**Response**:       Defendant denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that in or around June 2015, Plaintiff was hired as an Assistant Store Leader at the Kate Spade, Hagerstown, Maryland outlet store.

*15.     She was quickly promoted to Store Manager in November 2015.*

**Response**:       Defendant denies each and every allegation contained in Paragraph 15 of the Complaint, except admits that in or around November 2015, Plaintiff was promoted to Store Leader.

*16.     As a Store Manager, her job responsibilities included hiring and training staff, driving business, inventory control, and visual merchandising.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that, as a Store Leader, Plaintiff's responsibilities included, among other things, hiring and training employees, driving business, inventory control and visual merchandising.

17.    *Ms. Thiele leadership at Kate Spade was successful. She earned the highest employee retention rate from among 72 stores, drove sales at the Hagerstown store to a $300,000 improvement over prior years, and achieved a 68-74% shrink improvement in inventory.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

18.    *Because of her strong work ethic, leadership, and performance, Ms. Thiele was tasked with assisting at struggling stores and hiring for new stores.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19.    *Ms. Thiele is described by other employees as a manager who lead [sic] by example, who did whatever was asked of her, and who was "meticulously professional."*

**Response**:      Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20.    *In October 2016, a new, young, District Manager named Danielle Merecki came on board as Ms. Thiele's regional supervisor.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 20, except admits that Danielle Merecki became Plaintiff's District Manager and began supervising her in or around September 2016.

21.     At that time, Ms. Thiele was one of only two full-time employees over the age of 40 at the Hagerstown store.

**Response**:     No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

Ms. Merecki began targeting Ms. Thiele and the only other older, full-time employee, Lori Kolb, with abusive and differential treatment in an effort to force them to resign because of their age.

**Response**:     No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

22.     Younger workers received favorable treatment and were subjected to different rules and standards.

**Response**:     No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

23.     Ms. Kolb soon resigned after being mercilessly berated by Ms. Merecki. The "offense" for which Ms. Merecki berated Ms. Kolb was for having stood up for Ms. Thiele against Ms. Merecki's harassment.

**Response**:     Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

24.     *Unlike Ms. Kolb who had the financial security to resign, Ms. Thiele needed the income her job brought and had no choice but to take the humiliation and beg for her employer to stop.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 25 of the Complaint, except denies knowledge and information sufficient to form a belief as to Ms. Kolb's or Plaintiff's financial situations and Plaintiff's motivation for remaining employed.

25.     *Kate Spade's management and employees targeted Ms. Thiele's PTSD and anxiety in a management-orchestrated campaign that led to Ms. Thiele attempting suicide.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 26 of the Complaint, except denies knowledge and information sufficient to form a belief as to whether Plaintiff attempted suicide.

26.     *Ms. Merecki began firing off confetti canons at close range, unpredictably and over Ms. Thiele's express objection because she saw and enjoyed the terror it caused Ms. Thiele.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 27 of the Complaint, except admits that, at various points, Kate Spade has allowed employees to use confetti canons and that, on occasion, employees have used them as part of celebrations in its stores.

27.     *While Kate Spade does use confetti canons to celebrate achievements, when Ms. Thiele had visible and obvious fear reactions to being startled by the canons, management began using the canons not to celebrate but to taunt and humiliate Ms. Thiele.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 28 of the Complaint, except admits that, at various points, Kate Spade has allowed stores to use confetti canons as part of celebrations in its stores.

28.      *The canons sounded like gunfire to Thiele [sic] and brought to the fore all the trauma from Ms. Thiele's childhood. Her fear was obvious and, in response, management laughed at her fear in front of other employees. Management looked for ways to startle Ms. Thiele in an effort to deliberately elicit a fearful response and then publicly humiliate her for that response.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 29 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether "[t]he canons sounded like gunfire to Thiele and brought to the fore all the trauma from Ms. Thiele's childhood."

29.      *Ms. Kolb witnessed some of these events and described Ms. Thiele's palpable fear and anxiety in response to the confetti canons as "obvious."*

**Response**:      Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

30.      *Ms. Kolb did not witness this kind of treatment towards any of the younger employees.*

**Response**:      No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

31.     *While Ms. Thiele and Ms. Kolb followed rules and were mercilessly targeted, younger employees were permitted to work in a disheveled manner, smelling of alcohol. Some younger employees regularly came to work without having bathed without consequence.*

**Response**:     No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

32.     *Ms. Thiele expressed to management that the confetti canons terrified her and requested that Ms. Merecki either refrain from firing the canons off in her presence or give her advance warning so that she could remove herself from the immediate area.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 33 of the Complaint, except admits that on or around April 13, 2017, Plaintiff provided Ms. Merecki with a letter stating her concerns around the use of confetti canons and surprises.

33.     *Instead, management continued firing confetti canons in close proximity to Ms. Thiele and without warning.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

34.     *Worse, management began an orchestrated campaign targeting Ms. Thiele's disabilities. At the direction of management, Kate Spade employees repeatedly planned and executed "jump scares" of Ms. Thiele. For example, employees hid in movable shelving units and jumped out to startle Ms. Thiele, laughing when they succeeded in scaring her.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

35.     *Ms. Thiele's response to confetti canons fired at close range and jump scares was dictated by her PTSD.*

**Response**:     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

36.     *No other employees at the time received this kind of treatment.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

37.     *In December 2016, management directed an associate to jump out of the movable shelving units in the storage area to frighten Ms. Thiele and then laughed at Ms. Thiele's terror.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

38.     *Again, in January 2017, management instructed another employee to jump out of the same shelving units to startle Ms. Thiele, again laughing at her now predictable and sought after response.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 39 of the Complaint.

39.     *Again, in March 2017, management instructed a third employee to hide in the shelving units and jump out to startle Ms. Thiele. Again, there was laughter at Ms. Thiele's expense.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 40 of the Complaint.

40.     *In March 2017, management planned and directed a scheme to designed to [sic] frighten Ms. Thiele. On March 27, 2017, Ms. Merecki called Ms. Thiele who was at the store.*

*Ms. Merecki informed Ms. Thiele that she was in Leesburg, Virginia some 75 miles away. Ms. Thiele believed Ms. Merecki's claims that she was in Virginia, but in reality, Ms. Merecki was calling from the parking lot of the Hagerstown store. Ms. Merecki had an associate let her into the store so that she could hide herself and then jump out and scare Ms. Thiele. Ms. Merecki howled with laughter when she succeeded in frightening and causing a visible reaction in Ms. Thiele.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 40 of the Complaint, except admits that in or around April 2017, Ms. Merecki conducted an unannounced visit to Plaintiff's store.

*41.    Ms. Merecki also scheduled operational assessments without Ms. Thiele's knowledge at times when she knew Ms. Thiele would not be present. This is not typical practice for Kate Spade New York as operational assessments are critically important and Store Managers are therefore expected to be present and participate in the process. Ms. Merecki had conducted an operational assessment in December 2016 when Ms. Thiele was not present at the store.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 42 of the Complaint, except admits that Ms. Merecki conducted operational assessments, including one conducted in or around December 2016.

*42.    On April 11, 2017, just weeks after Ms. Merecki planned and executed the plan to scare Ms. Thiele in the store, she conducted a second operational assessment in 4 months without Ms. Thiele present. This was not done at the 11 other regional stores. Again, it is expected that during such assessments, the Store Manager will be present.*

**Response**:       Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

*43.       Ms. Thiele was constantly on edge, awaiting the next canon fired at close range or jump scare. Her anxiety and PTSD were acutely activated. She had been not only repeatedly scared, but these events were then followed by humiliation as management led other employees to laugh at and ridicule her fear.*

**Response**:       Defendant denies each and every allegation contained in Paragraph 44 of the Complaint, except denies knowledge and information sufficient to form a belief as to the allegations that Plaintiff was "constantly on edge," that Plaintiff's anxiety and PTSD were "activated," or that Plaintiff was "scared."

*44.       On April 19, 2017, Ms. Thiele had a scheduled conversation with Ms. Merecki to discuss the upsetting, unusual, and discriminatory manner in which she was being treated. She provided management with a letter in which she specifically requested that management either stop firing the confetti canons or give her advance warning of the intent to fire off the canons so Ms. Thiele could remove herself from the immediate area.*

**Response**:       Defendant denies each and every allegation contained in Paragraph 45 of the Complaint, except admits that Plaintiff and Ms. Merecki had a meeting on April 19, 2017 to discuss Plaintiff's violations of certain Company policies, including her failure to deliver staff performance appraisals, and that Plaintiff submitted a letter and timeline of events to the Company's Human Resources Department detailing her concerns about Ms. Merecki's alleged treatment of her.

45.     *In response, Ms. Merecki indicated that she was going to get Human Resources involved and suddenly created fault in Ms. Thiele's performance which up until this point had been lauded.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 46 of the Complaint, except admits that the Company's Human Resources Department conducted an investigation into Plaintiff's allegations concerning the alleged use of confetti canons and being startled by surprises, and affirmatively states that the investigation did not substantiate Plaintiff's allegations.

46.     *Instead of showing Ms. Thiele mercy, management retaliated against Ms. Thiele.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 47 of the Complaint.

47.     *On April 26 2017, Ms. Merecki arranged the seating at a mandatory meeting in DC. Management directed Ms. Thiele to sit right next to Ms. Merecki. After the meeting began, Ms. Merecki fired confetti canons just inches from Ms. Thiele's head.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

48.     *Ms. Thiele was visibly terrified and physically shaking all over, to the point where others commented and expressed concern for her.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

49.     *As Ms. Merecki's campaign escalated and was fueled by firing of the canons, jump scares, and interference in management meetings for which Ms. Thiele was responsible, Ms. Thiele's anxiety increased.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 50 of the Complaint, except denies knowledge and information sufficient to form a belief as to Plaintiff's "anxiety."

*50.      Ms. Thiele felt that she could not escape the targeted campaign against her in her workplace and her requests for mercy and accommodation had been ignored.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 51 of the Complaint, except denies knowledge and information sufficient to form a belief as to Plaintiff's thoughts and/or feelings.

*51.      Ms. Thiele contacted the employee help line, but her workplace remained an unsafe place for her.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 52 of the Complaint, except admits that Plaintiff contacted the Company's Employee Assistance Program.

*52.      Ms. Thiele experienced debilitating psychological symptoms. Her PTSD was so activated that she was afraid all the time, everywhere waiting for the next jump scare or cannon.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 53 of the Complaint, except denies knowledge and information sufficient to form a belief as to whether Plaintiff experienced "debilitating psychological symptoms," whether her alleged PTSD was "so activated that she was afraid all the time," or that the was "waiting for the next jump scare or cannon."

*53.      In July 2017, Ms. Thiele attempted suicide to escape the pain of her workplace and the acute activation of her disability related symptoms caused by Kate Spade. She was hospitalized as a result.*

15

**Response**:        Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Complaint.

54.        *On July 26, 2017, she applied for both FMLA and Short-Term Disability through her employer.*

**Response**:        Defendant denies each and every allegation contained in Paragraph 55 of the Complaint, except admits that on or about July 24, 2018, Plaintiff opened a claim with the Company under the Family and Medical Leave Act ("FMLA") and applied for Short Term Disability ("STD").

55.        *In March 2018, she received Long Term Disability on the basis of the PTSD, anxiety, and depression that was the result of her employment with Kate Spade New York.*

**Response**:        Defendant denies each and every allegation contained in Paragraph 56 of the Complaint, except admits that Plaintiff was approved for leave under Tapestry's long term disability ("LTD") leave policy.

56.        *However, on March 28, 2018, she received a letter from Nora Richardson, the Director of Human Resources indicating that she had exhausted her job-protected leave pursuant to the FMLA and that although her Long-Term Disability had been granted it did not provide job protection. She was given until April 11, 2018 to have her physician complete and sign a questionnaire and to authorize her physician to share information about her medical condition.*

**Response**:        Defendant denies each and every allegation contained in Paragraph 57 of the Complaint, except admits that in or around October 2017, Plaintiff exhausted her benefits under the FMLA, was provided additional leave as an accommodation, and on or about March 28, 2018, Tapestry sent Plaintiff a letter and "Reasonable Accommodation Questionnaire" for her health care

16

provider to complete to assist with evaluating Plaintiff for accommodations, and on or about June 15, 2018, Tapestry sent Plaintiff a follow-up "Reasonable Accommodation Questionnaire" to bring to her health care provider for an update concerning her restrictions.

*57.    Ms. Thiele provided the requested documentation. Her treating source completed the "Reasonable Accommodation Questionnaire" indicating that she had Post Traumatic Stress Disorder, Anxiety Disorder, and Depressive Disorder as the result of her employment conditions. Her treating source informed Kate Spade that she was expected to improve but that her co-workers and management would need to be educated about PTSD and would need to be provide accommodations in the workplace. Her treating source indicated on the Questionnaire that her return was expected in three to six months. Her treating source further specified that beginning in October 2016 several patterns of behavior from management including shooting off confetti canons that replicated the sound of gun shots caused her trauma and triggered PTSD symptoms.*

**Response**:    Defendant denies each and every allegation contained in Paragraph 58 of the Complaint, except admits that Plaintiff returned a completed version of the "Reasonable Accommodation Questionnaire," and avers that the content of the document speaks for itself.

*58.    Ms. Thiele sought the reasonable accommodation that her employer stop firing the confetti canons near her and cease efforts to startle her and jump out to scare her.*

**Response**:    Defendant denies each and every allegation contained in Paragraph 59 of the Complaint, except admits that Plaintiff made a request that her manager stop firing confetti canons and cease efforts to startle her or scare her.

59.    On April 11, 2018, Ms. Richardson in Human Resources sent Ms. Thiele an email indicating that Tapestry would investigate all of the concerns outlined in the information Ms. Thiele provided.

**Response**:    Defendant admits the allegations contained in Paragraph 60 of the Complaint.

60.    However, Kate Spade/Tapestry never even spoke to Ms. Thiele about the serious events she alleged.

**Response**:    Defendant denies each and every allegation contained in Paragraph 61 of the Complaint.

61.    No investigation was conducted in response to Ms. Thiele's reports.

**Response**:    Defendant denies each and every allegation contained in Paragraph 62 of the Complaint.

62.    In June 2018, Ms. Richardson requested and was provided with a "Reasonable Accommodation Follow-Up Questionnaire" in which Ms. Thiele's treating source indicated that as a result of the pattern of disturbing behavior by management, Ms. Thiele did not feel safe at work.

**Response**:    Defendant denies each and every allegation contained in Paragraph 63 of the Complaint, except admits that Plaintiff returned the "Reasonable Accommodation Follow-Up Questionnaire" to Tapestry, in which her health care provider stated that "she does not feel safe in this work environment."

63.    No one ever spoke to Ms. Thiele about the deliberate pattern of abusive and frightening behavior to which she had been exposed, yet Human Resources advised her on July 18, 2018 that the investigation into Ms. Merecki's conduct was closed.

**Response**:     Defendant denies each and every allegation contained in Paragraph 64 of the Complaint, except admits that the Company's Human Resources Department advised Plaintiff that the investigation into Ms. Merecki's conduct was closed on July 18, 2019.

64.     *Just a week later, Ms. Thiele was notified that her employment was terminated effective August 1, 2018.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 65 of the Complaint, except admits that on or about July 24, 2018, Tapestry notified Plaintiff of the termination of her employment effective August 1, 2018.

65.     *Ms. Thiele was targeted based on age and disability, treated differently than others, was denied reasonable accommodation, retaliated against, subjected to a hostile workplace environment, and ultimately terminated in violation of both federal and state age and disability laws.*

**Response**:     The allegations in Paragraph 66 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 66 of the Complaint.   In addition, with respect to the allegations concerning age, Defendant states no response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

66.     *Defendants [sic] acted with intent, malice, and reckless indifference to Ms. Thiele's rights.*

**Response**:     The allegations in Paragraph 67 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a

response is required, Defendant denies each and every allegation contained in Paragraph 67 of the Complaint.

67.    *As a result of Defendants' [sic] conduct, Ms. Thiele suffered significant emotional distress, humiliation, embarrassment, frustration, to the point of suffering physical symptoms and attempting suicide.*

**Response**:    Defendant denies each and every allegation contained in Paragraph 68 of the Complaint.

68.    *Ms. Thiele has also lost wages and benefits as a result of her termination.*

**Response**:    Defendant denies each and every allegation contained in Paragraph 69 of the Complaint.

### COUNT I
### IDENTIFIED AS "TITLE I OF THE AMERICANS WITH DISABILITIES ACT
### WORKPLACE HARASSMENT
### FAILURE TO MAKE REASONABLE ACCOMMODATIONS
### TERMINATION"

69.    *Plaintiff, Michelle Thiele, repeats and re-alleges the foregoing paragraphs in support of her claims.*

**Response**:    Defendant incorporates by reference its responses to Paragraphs 1 through 69 in its Answer as if fully set forth in this section.

70.    *Title I of the ADA states that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).*

**Response**:      The allegations contained in Paragraph 71 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

71.      *Title I of the ADA defines discrimination to include "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or disability." 42 U.S.C. § 12112(b)(1).*

**Response**:      The allegations contained in Paragraph 72 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant denies each and every allegation contained in Paragraph 72 of the Complaint on the basis that the Complaint fails to accurately quote this portion of the statute.

72.      *Title I of the ADA defines discrimination to include "utilizing standards, criteria, or methods of administration" that "have the effect of discrimination on the basis of disability." 42 U.S.C. § 12112(b)(3).*

**Response**:      The allegations contained in Paragraph 73 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

73.      *Title I of the ADA further defines discrimination to include "not making reasonable accommodations . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5).*

**Response**:        The allegations contained in Paragraph 74 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

74.        *Title I of the ADA further defines discrimination to include "denying employment opportunities" to an otherwise qualified employee "if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5).*

**Response**:        The allegations contained in Paragraph 75 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant denies each and every allegation contained in Paragraph 75 of the Complaint on the basis that the Complaint fails to accurately quote this portion of the statute.

75.        *Defendant Kate Spade is a covered employer with in excess of 500 employees.*

**Response**:        Defendant denies each and every allegation contained in Paragraph 76 of the Complaint.

76.        *Defendant Tapestry, Inc. is a covered employer with in excess of 500 employees.*

**Response**:        Defendant admits the allegations contained in Paragraph 77 of the Complaint.

77.        *Plaintiff is a qualified individual with a disability because her anxiety, depression, and PTSD cause her to be substantially limited in the major life activities of, inter alia, thinking, sleeping, interacting with others, and working.*

**Response**:        The allegations in Paragraph 78 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a

response is required, Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Complaint.

78.     *When her PTSD is triggered, Ms. Thiele experiences heart racing, difficulty sleeping, hypervigilance, nightmares, and debilitating anxiety.*

**Response**:     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Complaint.

79.     *Defendants [sic] discriminated against Plaintiff by targeting her on the basis of disability and intentionally provoking her disability-related symptoms.*

**Response**:     The allegations in Paragraph 80 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 80 of the Complaint.

80.     *Defendants [sic] discriminated against Plaintiff by subjecting her to a hostile workplace environment where employees knew of her disability and intentionally targeted her disability by trying to startle and scare her despite repeated requests by Plaintiff not to do so given her disabilities.*

**Response**:     The allegations in Paragraph 81 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 81 of the Complaint.

82.     *Defendants [sic] discriminated against the Plaintiff on the basis of disability by failing to make reasonable accommodations.*

**Response**:      The allegations in Paragraph 82 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 82 of the Complaint.

*83.      Defendants [sic] discriminated against Plaintiff by terminating her on the basis of disability.*

**Response**:      The allegations in Paragraph 83 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 83 of the Complaint.

*84.      Defendants' [sic] failure to act with the most basic decency and compliance with the ADA caused Plaintiff to experience trauma, fear, physical manifestations, and suicidal ideation.*

**Response**:      The allegations in Paragraph 84 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 84 of the Complaint.

*85.      Defendants' [sic] conduct resulted in Plaintiff losing her employment and its wages and benefits, with significant financial repercussions for Plaintiff.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 85 of the Complaint.

*86.      Defendants' [sic] conduct was intentional, and with malice or reckless indifference.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 86 of the Complaint.

87.     *Defendants' [sic] caused Plaintiff to suffer physical, mental and emotional suffering and financial harm.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 87 of the Complaint.

**COUNT II**
**IDENTIFIED AS "THE AMERICANS WITH DISABILITIES ACT RETALIATION"**

88.     *Plaintiff, Michelle Thiele, repeats and re-alleges the foregoing paragraphs in support of her claims.*

**Response**:      Defendant incorporates by reference its responses to Paragraphs 1 through 87 in its Answer as if fully set forth in this section.

89.     *The Americans with Disabilities Act ("ADA") states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful" by the ADA. 42 U.S.C. § 12203(a).*

**Response**:      The allegations contained in Paragraph 89 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

90.     *The ADA further states that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on the account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by" the ADA. 42 U.S.C. § 12203(b).*

**Response**:      The allegations contained in Paragraph 90 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant denies each and every allegation contained in Paragraph 90 of the Complaint on the basis that the Complaint fails to accurately quote this portion of the statute.

91.     *Defendant Kate Spade is an employer with in excess of 500 employees.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 91 of the Complaint.

92.     *Defendant Tapestry, Inc. is an employer with in excess of 500 employees.*

**Response**:      Defendant admits the allegations contained in Paragraph 92 of the Complaint.

93.     *Plaintiff is a qualified individual with a disability. She is substantially limited in the major life activities of sleeping, interacting with others, thinking, and working.*

**Response**:      The allegations in Paragraph 93 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 93 of the Complaint.

94.     *Defendants [sic] discriminated against Plaintiff by targeting her and intentionally provoking her disability-related symptoms.*

**Response**:      The allegations in Paragraph 94 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 94 of the Complaint.

95.     *Defendants [sic] retaliated against Plaintiff for requesting reasonable accommodations by deliberately scaring her in ways Defendants [sic] had been informed were and had witnessed to be triggers for her disability-related symptoms.*

**Response**:     The allegations in Paragraph 95 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 95 of the Complaint.

96.     *Defendants [sic] retaliated against Plaintiff for requesting accommodations by terminating her.*

**Response**:     The allegations in Paragraph 96 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 96 of the Complaint.

97.     *Defendants [sic] retaliated against Plaintiff for reporting to management that discrimination that she was being subjected to on the basis of her disability.*

**Response**:     The allegations in Paragraph 97 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 97 of the Complaint.

98.     *Defendants' [sic] conduct resulted in Plaintiff losing her employment and its wages and benefits, with significant financial repercussions for Plaintiff.*

**Response**:     Defendant denies each and every allegation contained in Paragraph 98 of the Complaint.

99.    *Defendants' [sic] conduct was intentional, and with actual malice or reckless indifference.*

**Response**:    Defendant denies each and every allegation contained in Paragraph 99 of the Complaint.

100.    *Defendants' [sic] conduct caused Plaintiff to suffer physical, mental and emotional suffering and financial harm.*

**Response**:    Defendant denies each and every allegation contained in Paragraph 100 of the Complaint.

## COUNT III
### IDENTIFIED AS "AGE DISCRIMINATION IN EMPLOYMENT ACT WORKPLACE HARASSMENT FAILURE TO MAKE REASONABLE ACCOMMODATIONS TERMINATION"

101.    *Plaintiff, Michelle Thiele, repeats and re-alleges the foregoing paragraphs in support of her claims.*

**Response**:    Defendant incorporates by reference their responses to Paragraphs 1 through 100 in its Answer as if fully set forth in this section.

102.    *Defendants violated the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

103.    *29 U.S.C. § 623(a)(1) states that it "shall be unlawful" for covered employers "to discharge any individual or otherwise discriminate against any individual respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*104.    29 U.S.C. § 623(a)(2) states that it "shall be unlawful" for covered employers "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age."*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*105.    Plaintiff is over the age of 40.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*106.    Plaintiff is an otherwise qualified employee.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*107.    Defendants are covered entities subject to the ADEA.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*108.    Defendants engaged in conduct designed to target employees over the age of 40 with the goal of ending the employment of such individuals on the basis of age.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*109.    Defendants discriminated against Plaintiff by targeting her on the basis of age.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*110.    Defendants discriminated against Plaintiff by subjecting her to a hostile workplace environment due to her age.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*111.    Defendants discriminated against Plaintiff by terminating her on the basis of age.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*112.    Defendants' conduct resulted in Plaintiff losing her employment and its wages and benefits, with significant financial repercussions for Plaintiff.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*113.    Defendants' conduct was intentional, and with actual malice or reckless indifference.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*114.    Defendants' conduct caused Plaintiff suffer [sic] physical, mental and emotional suffering and financial harm.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

## COUNT IV
## IDENTIFIED AS "AGE DISCRIMINATION IN EMPLOYMENT ACT RETALIATION"

*115.    Plaintiff, Michelle Thiele, repeats and re-alleges the foregoing paragraphs in support of her claims.*

**Response**:    Defendant incorporates by reference their responses to Paragraphs 1 through 114 in its Answer as if fully set forth in this section.

*116.    The Age Discrimination in Employment Act (ADEA) states that "[i]t shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by" the ADEA. 29 U.S.C. § 623(d).*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*117.    Michelle Thiele is over the age of 40.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*118.    Defendants are covered entities pursuant to the ADEA.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*119.    Defendants engaged in conduct designed to target employees over the age of 40 with the goal of ending the employment of such individuals on the basis of age.*

**Response**:    No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*120.    Defendants discriminated against Plaintiff by targeting her on the basis of age.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*121.    Defendants retaliated against Plaintiff for reporting to management the discrimination that she was being subjected to on the basis of her age.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*122.    Defendants' conduct resulted in Plaintiff losing her employment with its wages and benefits, with significant financial repercussions for Plaintiff.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*123.    Defendants' conduct was intentional, and with actual malice or reckless indifference.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

*124.    Defendants' conduct caused Plaintiff suffer [sic] physical, mental and emotional suffering and financial harm.*

**Response**:      No response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

### COUNT V
### IDENTIFIED AS "MARYLAND FAIR EMPLOYMENT PRACTICES ACT WORKPLACE HARASSMENT FAILURE TO MAKE REASONABLE ACCOMMODATIONS TERMINATION"

*125.    Plaintiff, Michelle Thiele, repeats and re-alleges the foregoing paragraphs in support of her claims.*

**Response**:        Defendant incorporates by reference its responses to Paragraphs 1 through 124 in its Answer as if fully set forth in this section.

126.    *The Maryland Fair Employment Practices Act states that an employer may not "discharge, or otherwise discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of" the individual's age or disability. Md. State Gov't Art. § 20-606(a)(1)(i).*

**Response**:        The allegations contained in Paragraph 126 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

127.    *Employers may not "limit, segregate, or classify its employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect the individual's status as an employee because of" the individual's age or disability. Md. State Gov't Art. § 20-606(a)(2)(i).*

**Response**:        The allegations contained in Paragraph 127 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

128.    *Employers may not "fail or refuse to make reasonable accommodations for the known disability of an otherwise qualified employee." Md. State Gov't Art. § 20-606(a)(4).*

**Response**:        The allegations contained in Paragraph 128 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

129.    *Employers may not "engage in harassment of an employee." Md. State Gov't Art. § 20-606(a)(5); see also Md. State Gov't Art. § 20-611.*

33

**Response**:      The allegations contained in Paragraph 129 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

130.      *Defendant Kate Spade is an employer with in excess of 500 employees.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 130 of the Complaint.

131.      *Defendant Tapestry, Inc. is an employer with in excess of 500 employees.*

**Response**:      Defendant admits the allegations contained in Paragraph 131 of the Complaint.

132.      *Plaintiff is an individual with a disability because her anxiety, depression, and PTSD causes her to be substantially limited in the major life activities of, inter alia, thinking, sleeping, interacting with others, working, and eating.*

**Response**:      The allegations in Paragraph 132 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 132 of the Complaint.

133.      *Plaintiff is over the age of 40.*

**Response**:      No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

134.      *Defendants [sic] discriminated against Plaintiff by targeting her on the basis of disability and age and intentionally provoking her disability-related symptoms.*

**Response**:      The allegations in Paragraph 134 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 134 of the Complaint.  In addition, with respect to the allegations concerning age, Defendant states no response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

135.   *Defendants [sic] discriminated against Plaintiff by subjecting her to a hostile workplace environment where employees knew of her age and disability and intentionally targeted her disability by trying to startle and scare her despite repeated requests by Plaintiff not to do so given her disabilities.*

**Response**:      The allegations in Paragraph 135 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 135 of the Complaint.  In addition, with respect to the allegations concerning age, Defendant states no response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

136.   *Defendants [sic] discriminated against the Plaintiff on the basis of disability by failing to make reasonable accommodations.*

**Response**:      The allegations in Paragraph 136 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 136 of the Complaint.

137.   *Defendants [sic] discriminated against Plaintiff by terminating her on the basis of age and disability.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 137 of the Complaint.  In addition, with respect to the allegations concerning age, Defendant states no response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

138.   *Defendants' [sic] failure to act with the most basic decency and compliance with the Maryland Fair Employment Practices Act caused Plaintiff to experience trauma, fear, physical manifestations, and suicidal ideation.*

**Response**:      The allegations in Paragraph 138 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 138 of the Complaint.

139.   *Defendants' [sic] conduct resulted in Plaintiff losing her employment and its wages and benefits, with significant financial repercussions for Plaintiff.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 139 of the Complaint.

140.   *Defendants' [sic] conduct was intentional, and with actual malice or reckless indifference.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 140 of the Complaint.

141.   *Defendants' [sic] conduct caused Plaintiff suffer [sic] physical, mental and emotional suffering and financial harm.*

**Response**:        Defendant denies each and every allegation contained in Paragraph 141 of the Complaint.

**COUNT VI**
**MARYLAND FAIR EMPLOYMENT PRACTICES ACT**
**RETALIATION**

*142.    Plaintiff, Michelle Thiele, repeats and re-alleges the foregoing paragraphs in support of her claims.*

**Response**:        Defendant incorporates by reference their responses to Paragraphs 1 through 141 in its Answer as if fully set forth in this section.

*143.    An employer "may not discriminate or retaliate against any of its employees" because the individual has either "opposed any practice prohibited" by the Maryland Fair Employment Practices Act, or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the statute. Md. State Gov't Art. § 20-606(f).*

**Response**:        The allegations contained in Paragraph 143 of the Complaint do not require an answer, as the statute speaks for itself, but to the extent an answer is required, Defendant admits that this portion of the statute is quoted accurately.

*144.    Defendant Kate Spade is an employer with in excess of 500 employees.*

**Response**:        Defendant denies each and every allegation contained in Paragraph 144 of the Complaint.

*145.    Defendant Tapestry, Inc. is an employer with in excess of 500 employees.*

**Response**:        Defendant admits the allegations contained in Paragraph 145 of the Complaint.

*146.    Plaintiff is an individual with a disability.*

37

**Response**:      The allegations in Paragraph 146 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 146 of the Complaint.

147.   *Plaintiff is over the age of 40.*

**Response**:       No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

148.   *Defendants [sic] retaliated against Plaintiff for requesting reasonable accommodations by deliberately scaring her in ways Defendants had been informed were and had witnessed to be triggers for her disability-related symptoms.*

**Response**:      The allegations in Paragraph 148 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, deny the allegations contained in Paragraph 148 of the Complaint.

149.   *Defendants [sic] retaliated against Plaintiff for requesting reasonable accommodations by terminating her.*

**Response**:      The allegations in Paragraph 149 of the Complaint constitute a conclusion of law and Plaintiff's characterization of the case to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 149 of the Complaint.

150.   *Defendants [sic] retaliated against Plaintiff for reporting to management the discrimination that she was being subjected to on the basis of her age.*

**Response**:      No response is required as all claims related to age-based discrimination and retaliation have been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

151.   *Defendants' [sic] conduct resulted in Plaintiff losing her employment and its wages and benefits, with significant financial repercussions for Plaintiff.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 151 of the Complaint.

152.   *Defendants' [sic] conduct was intentional, and with actual malice or reckless indifference.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 152 of the Complaint.

153.   *Defendants' [sic] conduct caused Plaintiff to suffer physical, mental and emotional suffering and financial harm.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 153 of the Complaint.

### COUNT VII
### INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

154.   *Plaintiff, Michelle Thiele, repeats and re-alleges the foregoing paragraphs in support of her claims.*

**Response**:      Defendant incorporates by reference their responses to Paragraphs 1 through 154 in its Answer as if fully set forth in this section.

155.   *Defendants [sic] knew that Plaintiff had intense physical and emotional reactions to being startled.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 155 of the Complaint.

*156.    Despite Defendants' [sic] knowledge and Plaintiff's requests that she be given advance warning if confetti canons were going to be fired off near her, Defendants refused to comply and in fact deliberately set off confetti canons in close proximity to Plaintiff without advance warning.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 156 of the Complaint, except admits that Plaintiff requested that she be given advance warning if confetti canons were going to be fired near her.

*157.    Defendants [sic] knew or should have known that having employees and managers hide in storage areas and jump out at Plaintiff would cause her to be afraid.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 157 of the Complaint.

*158.    Defendants [sic] acted on their knowledge by intentionally or recklessly engaging in conduct designed to scare Plaintiff.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 158 of the Complaint.

*159.    Defendants' [sic] conduct was extreme and outrageous.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 159 of the Complaint.

*160.    Defendants [sic] knew or should have known that its conduct was likely to and did cause severe emotional distress.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 160 of the Complaint.

*161.    Plaintiff suffered physical and emotional harm as a result of Defendants' [sic] conduct.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 161 of the Complaint.

*162.    Defendants [sic] had no right or excuse to engage in such conduct.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 162 of the Complaint.

*163.    Plaintiff did not consent to such conduct.*

**Response**:      Defendant denies each and every allegation contained in Paragraph 163 of the Complaint.

### *DEMAND FOR JURY TRIAL*

*Ms. Thiele demands a jury trial in this action for all claims so triable.*

**Response**:      The allegations set forth in the Jury Trial Demand clause of the Complaint constitute a demand for a jury trial to which no response is required.  To the extent a response is required, Defendant opposes the request in whole or in part and deny any allegations set forth in the Jury Trial Demand clause of the Complaint.

### *RELIEF*

*WHEREFORE, Ms. Thiele respectfully requests that the Court provide the following relief:*

a. *Issue a declaratory judgement that Kate Spade discriminated against Ms. Thiele on the basis of disability and age subjecting her to emotional and financial harm; and*

b. *Issue a declaratory judgment that Kate Spade retaliated against Ms. Thiele on the basis of disability and age subjecting her to emotional and financial harm; and*

c. *Award compensatory damages;*

d. *Award punitive damages;*

e. *Award reasonable costs and attorneys' fees; and*

f. *Award any and all other relief that may be necessary and appropriate.*

**Response**:      Defendant denies that it violated any law or regulation, or engaged in any unlawful conduct that could give rise to any claims.  Defendant respectfully request that the Court determine that Plaintiff is not entitled to any relief from Defendant whatsoever, enter judgment in favor of Defendant, dismiss this action with prejudice, and award Defendant its costs of suit and such other relief as the Court deems appropriate.  In addition, with respect to any allegations or relief sought with respect to Plaintiff's age, Defendant states that no response is required as this Count has been dismissed by the Court's January 6, 2021 Memorandum Opinion and Order.

**AFFIRMATIVE AND OTHER DEFENSES**

As and for its affirmative and other defenses, Defendant states as follows:

**FIRST DEFENSE**

1.      The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2.     Plaintiff is barred from recovering any damages, or any recovery must be reduced or limited, because she failed to exercise reasonable diligence to mitigate her damages, and there is reasonable likelihood that Plaintiff might have found comparable work by exercising reasonable diligence.

**THIRD DEFENSE**

3.     Plaintiff is barred from recovering any damages, or any recovery must be reduced or limited, because Defendant would have taken the same action against Plaintiff regardless of her alleged disability.

**FOURTH DEFENSE**

4.     Plaintiff is barred from recovering any damages, or any recovery must be reduced or limited, because at all times Defendant acted in good faith for legitimate business reasons, and any unlawful acts and/or omissions alleged in the Complaint, which Defendant denies, were not engaged in with malice or with reckless indifference to Plaintiff.

**FIFTH DEFENSE**

5.     Plaintiff's claims are barred by her failure to allege facts sufficient to show that she engaged in protected activity prior to any employment action.

**SIXTH DEFENSE**

6.     Plaintiff's claims are barred by her own unclean hands.

Defendant reserves the right to assert such other defenses as may be appropriate based on further investigation, discovery or for other appropriate reasons.

WHEREFORE, Defendant denies each and every allegation of the Complaint, except as expressly admitted or qualified above, and respectfully requests that this Court:

a.  enter judgment in favor of Defendant against Plaintiff;

b.  dismiss the Complaint with prejudice;

c.  award costs and fees incurred by Defendant in defending against the alleged claims; and

d.  grant such other relief as the Court may deem just and proper.

Dated: January 20, 2021                     EPSTEIN BECKER & GREEN, P.C.

                                            /s/
                                            _____
                                            Nathaniel M. Glasser (#20591)
                                            Maxine A. Adams
                                            1227 25th Street, NW, Suite 700
                                            Washington, DC 20037
                                            Tel: 202.861.0900
                                            Fax: 202.296.2882
                                            nglasser@ebglaw.com
                                            madams@ebglaw.com

                                            *Counsel for Defendant Tapestry, Inc.*